## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ALEXIS SALAZAR TRIVINO,

    Petitioner,

v().

UNITED STATES OF AMERICA,

    Respondent.

_____/

Case No:  8:16-cv-2754-T-30TBM
Crim. No: 8:14-cr-518-T-30TBM

## ORDER

THIS CAUSE comes before the Court upon Petitioner Alexis Salazar Trivino's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 filed on September 26, 2016. (CV Doc. 1). Upon preliminary review of the motion, the Court concludes that Petitioner's motion should be dismissed as time-barred.

## BACKGROUND

Pursuant to a written plea agreement, Petitioner pled guilty to conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a); 70506(a) and (b); and 21 U.S.C. § 960(b)(1)(B)(ii). (CR Docs. 58, 74, 156). On August 11, 2015, the Court sentenced Petitioner to 135 months' imprisonment and 5 years' supervised release. (CR Doc. 156). Petitioner did not file a direct appeal.

Because Petitioner did not file a direct appeal, her judgment of conviction became final under § 2255(f)(1) when the time for filing a direct appeal expired on August 25, 2015. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) (stating that "when a defendant does not appeal his [or her] conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Fed R. App. P. 4(b)(1)(A)(i) (allowing a criminal defendant fourteen days after the entry of either the judgment or the order being appealed to file a notice of appeal). Petitioner therefore had until August 25, 2016, to file a motion under § 2255.

Petitioner filed the present motion on September 26, 2016, over a month after his time for filing a motion under § 2255(f)(1) expired. (CV Doc. 1). Petitioner raises one ground for relief, seeking a reduction of his sentence under an amendment to United States Sentencing Guideline § 3B1.2.

## DISCUSSION

Under § 2255(f)(1), Petitioner's claim is untimely because he filed his motion more than a year after his judgment of conviction became final. Petitioner asserts that his motion should be considered timely under § 2255(f)(4) because of a recent amendment to U.S.S.G. § 3B1.2. (CV Doc. 1 at 4). Specifically, on April 30, 2015, the United States Sentencing Commission amended U.S.S.G. § 3B1.2, with the amendment effective as of November 1, 2015, to provide guidance in determining whether a mitigating role adjustment applies.

Petitioner argues the § 3B1.2 amendment renders his motion timely under § 2255(f)(4) because the motion was filed within 1 year of the amendment. Section 2255(f)(4) provides as follows:

>A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

However, the amendment to § 3B1.2 is not a fact discovered through due diligence, and, therefore, does not fall within § 2255(f)(4). As such, Petitioner's motion is untimely.

For Petitioner's benefit, even if his motion were not time-barred, he would not be entitled to relief. The amendment to § 3B1.2 was a clarifying amendment, not a substantive amendment. Generally, clarifying amendments to the sentencing guidelines are not cognizable on a § 2255 motion absent a complete miscarriage of justice. *See Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998). Petitioner has not demonstrated a complete miscarriage of justice.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Alexis Salazar Trivino's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (CV Doc. 1) is DISMISSED as time-barred.

2. The Clerk is directed to terminate from pending status the motion to vacate found at Doc. 178 in the underlying criminal case, case number 8:14-cr-518-T-30TBM.

3. The Clerk is directed to terminate any pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district

court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 11th day of October, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record